Brian Keith **PERKINS**, Appellant,

v.

Gary E. **GRAMMER**, Warden, Nebraska State Penitentiary, Appellee.

No. 87–1197.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 1, 1987.

Decided Feb. 1, 1988.

William M. Berlowitz, Lincoln, Neb., for appellant.

Mark D. Starr, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before McMILLIAN, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Brian K. Perkins appeals from a final order entered in the District Court[1] for the District of Nebraska denying his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. For reversal Perkins argues the district court erred in denying habeas relief because (1) his *Miranda* rights were violated; (2) the jury did not properly represent a cross-section of the community; (3) the Nebraska felony-murder rule is unconstitutional; and (4) the jury instructions were improper. We affirm.

Perkins was convicted of first degree murder (felony-murder) and sentenced to life imprisonment. The Nebraska Supreme Court affirmed his conviction. *State v. Perkins,* 219 Neb. 491, 364 N.W.2d 20 (1985). Perkins filed his habeas corpus petition on September 30, 1985, and on January 6, 1987, the district court dismissed his petition. This appeal followed.

The facts are not in dispute and a complete statement of the facts is reported in the district court memorandum opinion. *Perkins v. Grammer,* 664 F.Supp. 1280 (D.Neb.1987); *see also State v. Perkins,* 364 N.W.2d at 22–23.

Perkins first contends his *Miranda* rights were violated. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Perkins specifically argues that despite his post-arrest silence, he was subjected to repeated questioning by the interrogating officers. Perkins contends his silence effectively revoked his earlier oral and written *Miranda* waivers, and thus rendered a tape recorded statement made later in the interrogation inadmissible. The district court held that Perkins, who was familiar with arrest procedures, was capable of understanding and articulating a waiver of those rights, and thus he did not revoke his waiver by his post-arrest silence. *Perkins v. Grammer,* 664 F.Supp. at 1283.

Perkins next challenges the jury selection process used for his trial. Perkins argues that young people, 18–34 years of age, comprise a distinct group that was underrepresented on the jury panel selected for his trial. The district court held that Perkins had not demonstrated a substantial underrepresentation of persons between 18–34 years of age and that the alleged underrepresentation did not rise to the level of a constitutional violation. *United States v. Clifford,* 640 F.2d 150 (8th Cir. 1981); *Perkins v. Grammer,* 664 F.Supp. at 1284.

Perkins next challenges the constitutionality of the Nebraska felony murder statute. Perkins argues that the Nebraska statute is unconstitutional because it permits a person convicted of felony murder to be sentenced to death or to life imprisonment without possibility of parole, even though he did not kill, assist in a killing, or intend to kill. Perkins also argues that his life imprisonment sentence imposed under the statute is disproportionately harsh. In refuting Perkins's contention, the district court held that the constitutionality of felony murder statutes is well settled, and "that states have authority to make aiders and abettors equally responsible, as a matter of law, with principals, or to enact felony-murder statutes is beyond constitutional challenge." *Lockett v. Ohio,* 438

---

1. The Honorable Donald P. Lay, Chief Judge, United States Court of Appeals for the Eighth Circuit, sitting by special designation as district judge.

U.S. 586, 602, 98 S.Ct. 2954, 2963, 57 L.Ed. 2d 973 (1978); *Moore v. Wyrick,* 766 F.2d 1253, 1255–56 (8th Cir.1985), *cert. denied,* 475 U.S. 1032, 106 S.Ct. 1242, 89 L.Ed.2d 350 (1986).

 Perkins's final argument challenges jury instruction No. 10. Perkins contends instruction No. 10 erroneously permitted the jury to presume a causal connection between the felony and the murder. The district court rejected this contention on the ground that the claim failed to raise an issue cognizable in a federal habeas corpus proceeding. *Perkins v. Grammer,* 664 F.Supp. at 1284.

We have considered Perkins's allegations of error on appeal and have thoroughly reviewed the record. We find no error of fact or law in the district court's ruling. Accordingly, we adopt the analysis of the district court and affirm on the basis of its comprehensive memorandum opinion. *See* 8th Cir.R. 14.